NATHAN B. CAMUTI (SBN 300568)
nate@camutilaw.com
ANDREW R. COWAN (SBN 356310)
andrew@camutilaw.com
CAMUTI LAW GROUP, APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: 949.716.5565

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company;

    Plaintiff,

  v.

SUNRISE SELECTIONS LLC, a Wyoming limited liability company; AMAZ GROUP, LLC, a Delaware limited liability company; LEORIS HOLDINGS, LLC, a Florida limited liability company; BUYGOODS, INC., a Delaware corporation; and DOES 1 through 100, INCLUSIVE;

    Defendants.

Case No. **'25CV0877 BJC AHG**

**PLAINTIFF'S COMPLAINT FOR:**

1. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

2. **UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)(1)(A)**

3. **FALSE DESIGNATION OF ORIGIN & FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)**

4. **TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**

5. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200**

6. **COMMON LAW UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff Obesity Research Institute, LLC ("Plaintiff"), by and through its undersigned counsel, brings this action against Defendants SUNRISE SELECTIONS LLC, a Wyoming limited liability company ("Sunrise"), AMAZ GROUP, LLC, a Delaware limited liability company ("Amaz"), LEORIS HOLDINGS, LLC, a Florida limited liability company ("Leoris"), BUYGOODS, INC., a Delaware corporation ("BuyGoods"), and DOES 1 through 100, INCLUSIVE (all collectively, "Defendants"), alleging the following:

## PRELMINARY STATEMENT

1.     This is an action for infringement of Plaintiff's federally-registered trademarks for "LIPOZENE" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the statutory and common laws of the State of California, all arising from the Defendants' unauthorized use of the "LIPOZENE" marks or marks confusingly similar thereto in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' goods and services.

2.     Plaintiff seeks both injunctive and monetary relief.

## JURISDICTION

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b). This Court also has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their unlawful and damaging commercial activity into the State of California and into this judicial district, and because Defendants' unlawful commercial activity in this judicial district has caused

damage to Plaintiff. This Court has personal jurisdiction over Defendants under at least 28 U.S.C. § 1391(b)(2) in that Defendants have purposefully availed themselves of the laws of this jurisdiction. As alleged more fully herein, Defendants have marketed, offered for sale, and sold merchandise bearing Plaintiff's trademarks or marks confusingly similar thereto, shipping such merchandise into this judicial district, thereby committing acts of infringement of Plaintiff's trademarks. Defendants have diverted sales and have falsely advertised both in this district and throughout the United States by utilizing the subject trademarks in the marketing and distribution of infringing products through the internet. Defendants have also manipulated keywords and search terms to drive this unfair competition. Because Defendants' have sold and shipped products to this judicial district and reaped the benefit of its laws, it does not offend traditional notions of fair play and substantial justice to hail Defendants into this Court.

5.     Under 28 U.S.C. § 1391, the United States District Court for the Southern District of California is the appropriate venue for this action, because (1) the claims at issue in this litigation arose in this district as a result of Defendants' purposeful marketing, distribution, and sale of infringing products into this judicial district, causing damage and injury to Plaintiff, its brand, and its valuable intellectual property rights, and (2) because as described above Defendants are properly subject to personal jurisdiction in this district.

**PARTIES**

6.     Plaintiff Obesity Research Institute, LLC is a limited liability company formed under the laws of California and has a mailing address of PO Box 235467, Encinitas, CA 92023, and its principal place of business located in San Diego county, California.

7.     On information and belief, Defendant Sunrise Selections LLC is a limited liability company formed under the laws of Wyoming and has its principal

place of business located at 30 North Gould St. #41761, Sheridan, WY 82801. At all relevant times, Defendant Sunrise Selections LLC directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

8.    On information and belief, Defendant Amaz Group, LLC is a limited liability company formed under the laws of Delaware and has its principal place of business at 1111B South Governors Ave, Suite 3012, Dover, DE 19904. At all relevant times, Defendant Amaz Group, LLC directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

9.    On information and belief, Defendant Leoris Holdings, LLC is a limited liability company formed under the laws of Florida and has its principal place of business located at 1070 Montgomery Rd., Unit #325, Altamonte Springs, FL 32714. At all relevant times, Defendant Leoris Holdings, LLC directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

10.    On information and belief, Defendant BuyGoods Inc. is a corporation formed under the laws of Delaware and has its principal place of business located at 251 Little Falls Dr., Wilmington, DE 19808. At all relevant times, Defendant BuyGoods Inc. directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

11.    Plaintiff are currently unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same has been ascertained. Plaintiff are informed and believe, and thereon allege, that each Defendant designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages, and liabilities hereinafter alleged and caused injuries and damages

1    proximately caused thereby to Plaintiff, as hereinafter alleged.

2          12.    Whenever and wherever appearing in this Complaint, each and every

3    reference to defendant, DEFENDANT, DEFENDANTS, and any of them, is

4    intended to be and shall be a reference to all Defendants hereto, and to each of

5    them, named and unnamed, including all fictitiously named Defendants, unless

6    said reference is otherwise specifically qualified.

7          13.    Whenever and wherever reference is made in this Complaint to any

8    act by a Defendant or Defendants, such allegations and reference shall also be

9    deemed to mean the acts and failures to act of each Defendant acting individually,

10    jointly, and severally.

11          14.    Plaintiff is informed and believes, and on that basis alleges, that

12    Defendants' unlawful conduct delineated in this Complaint actually and

13    proximately caused Plaintiff's damages, for which Defendants, each of them

14    including DOES 1 through 100, inclusive, are jointly and severally liable.

15          15.    Plaintiff is informed and believes and thereon alleges that at all times

16    relevant herein, Defendants, each of them, including DOES 1 through 100,

17    inclusive, were an owner, a co-owner, an agent, representative, partner, and/or

18    alter ego of its codefendants, or otherwise acting on behalf of each and every

19    remaining Defendants, and in doing the things hereinafter alleged, were acting

20    within the course and scope of their authorities as an owner, co-owner, an agent,

21    representative, partner, employee, supervisor, and/or alter ego of its co-

22    defendants, and at all times herein mentioned, working in concert with his or her

23    co-defendants and was acting with the permission, consent of, and ratification, in

24    concert with, and in conspiracy with, each and every one of the remaining

25    Defendants.

26                                    **FACTS**

27    **A. <u>Plaintiff's Business</u>**

28          16.    Plaintiff is the owner of valid and subsisting United States

Trademark Registration No.'s 5798120 and 3326691 on the Principal Register in the United States Patent and Trademark Office for the trademarks "LIPOZENE" ("Plaintiff's Marks") for dietary supplements. Attached as Exhibit A are true and correct copies of the registration certificates for Plaintiff's Marks, which have dates of first use of January 20, 2003, and November 6, 2005, respectively.

17.    Plaintiff has used Plaintiff's Marks in commerce throughout the United States continuously since at least as early as November 6, 2005, in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of dietary supplements. Attached hereto as Exhibit B are true and correct screenshots of representative samples of Plaintiff's goods as advertised on Amazon, showing Plaintiff's use of Plaintiff's Marks in connection with these dietary supplements.

18.    As a result of its widespread, continuous, and exclusive use of Plaintiff's Marks to identify Plaintiff's goods and services and Plaintiff as the source of those goods and services, Plaintiff owns valid and subsisting federal statutory and common law rights in Plaintiff's Marks

19.    Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

20.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the dietary supplements sold under Plaintiff's Marks, including through the internet and through retail stores. Plaintiff uses Plaintiff's Marks extensively in these marketing efforts.

21.    Plaintiff offers and sells its goods and services under Plaintiff's Marks to consumers and retailers, including through nationally televised commercials and internet commerce platforms such as Amazon.com, eBay.com, and Walmart.com. To date, Plaintiff has sold over 40 million bottles of the products it offers under Plaintiff's Marks. Plaintiff has spent nearly $320,000,000 promoting and advertising Plaintiff's Marks across the United States, and has sold

COMPLAINT

nearly $1,000,000,000 of the goods Plaintiff associates with Plaintiff's Marks.

22.    As a result of Plaintiff's expenditures and efforts, Plaintiff's Marks have come to signify the high quality of Plaintiff's goods and services, and Plaintiff's Marks have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

23.    Plaintiff's Marks and the dietary supplements offered thereunder have received significant unsolicited coverage in various media across the internet, receiving tens of thousands of high-scoring ratings from satisfied customers across numerous platforms.

24.    As a result of its distinctiveness, Plaintiff's marketing efforts, the amount of product Plaintiff has sold, and the widespread use and promotion of Plaintiff's Marks throughout the United States, Plaintiff's Marks are a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. ¶ 1125(c), and became so prior to the acts of the Defendants alleged herein.

**B. <u>Defendant's Unlawful Activities</u>**

25.    On information and belief, Defendants are engaged in providing, among other goods and services, dietary supplements.

26.    Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable federal rights in Plaintiff's Marks, Defendants adopted and began using the mark "LIPOZEM" ("Infringing Mark") in interstate commerce.

27.    The Infringing Mark adopted and used by Defendants is practically identical to Plaintiff's Marks, differing only in that the final letter is "-M" instead of "-NE." Plaintiff and Defendants are both engaged in the business of providing goods and services related to dietary supplements.

28.    Upon information and belief, Defendants have been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of goods and services using the Infringing Mark throughout the United States

via the internet. Attached hereto as Exhibit C is a true and correct screenshot of Defendants' goods and services showing Defendants' use of the Infringing Mark.

29.    Upon information and belief, the goods and services Defendants have manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are highly related to Plaintiff's goods and services. Plaintiff and Defendants are effectively direct competitors, marketing to the same consumers with the same interests, offering the same types of goods and services.

30.    Upon information and belief, Defendants have manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold their goods and services under the Infringing Mark in interstate commerce by advertising through the internet and by other means including direct retail sales to consumers.

31.    Upon information and belief, Defendants offer and sell their goods and services under the Infringing Mark to consumers interested in dietary supplements and weight loss, which constitutes the same class of consumers Plaintiff offers its goods and services to.

32.    Despite multiple takedowns of product listings and clear notice of their infringing conduct, Defendants have not halted their activities or responded to Plaintiff's efforts, instead continuing to sell infringing product. Additionally, in November and December of 2024 and January of 2025, Plaintiff sent Defendants cease-and-desist letters asserting Plaintiff's rights in Plaintiff's Marks. True and correct copies of several of these cease-and-desist letters as sent to Defendants are attached as Exhibit E. Because Defendants were made well aware of Plaintiff's intellectual property rights and still continued their infringing conduct, Defendants' actions thus constitute knowing infringement.

33.    Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming

public as to the source or origin of the Defendants' goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

34.     Defendants' infringing acts as alleged herein have resulted in numerous instances of actual confusion, as evidenced by the actions of Plaintiff's consumers.

35.     Because of the similarity of the marks and relatedness of the goods at issue, Plaintiff have received numerous complaints and inquiries from consumers who have purchased Defendants' products and found themselves dissatisfied, or who mistakenly confused Defendants' offerings with Plaintiff's goods.

36.     Defendants' Infringing Mark is so confusingly similar to Plaintiff's Marks that even Google's algorithm intermixes them. Attached hereto as Exhibit D is a true and correct copy of a Google Shopping search for the term "Lipozene." It displays Defendants' goods and services intermixed practically indistinguishably with Plaintiff's goods and services, showing the ease with which consumers can mistakenly purchase from Defendants when intending to avail themselves of Plaintiff's goods and services.

37.     Exhibit D also evidences Defendants' unlawful, willful, purposeful, and malicious use of Plaintiff's Marks as sponsored ads, keywords, and search engine optimization terms to improperly interpose its products among Plaintiff's goods, thereby allowing Defendants to trade on and benefit from the reputation and goodwill inherent in Plaintiff's Marks.

38.     Defendants' products and Infringing Mark are similarly displayed on other e-commerce platforms, such as Amazon.com, Walmart.com, and eBay.com. Attached as Exhibit F are true and correct screenshots of a search for the "Lipozene" term performed on these platforms, showing Defendants' products confusingly intermixed with and displayed alongside Plaintiff's goods. Exhibit F

also evidences the steps Defendants' take in their attempts to circumvent Plaintiff's trademark rights and takedown notices, including Defendants naming their infringing products under highly similar names such as "Lipozeme," "Lipo-zem," and "Lipo-zeme."

39.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to Defendants. As demonstrated by the Exhibits attached to this Complaint, the infringing products offered by the various Defendants all effectively share the same bottle and style of branding, even including the same infringing logo. Because all Defendants use the Infringing Mark in effectively the same manner across all of the various entities, product listings, and sales platforms through which infringing activity is occurring, Defendants' infringing conduct is clearly willful and coordinated among Defendants.

40.     Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to their valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## <u>COUNT I</u>
## <u>TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114</u>

41.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore

constitutes trademarks infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

44.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

45.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

46.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

48.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

49.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

50.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

52.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(B)

53.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.    Defendants' unauthorized use in commerce of Plaintiff's Marks and/or a confusingly similar variation thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' alleged goods and services, and likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

55.    Defendants' unauthorized use in commerce of Plaintiff's Marks and/or a confusingly similar variation thereof as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

56.     Upon information and belief, Defendants' conduct as alleged herein is willful, is intended to, is likely to, and has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

57.     Defendants' conduct as alleged herein constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

58.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

59.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under §§ 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV

## UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200, et seq.

60.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 59 of the Complaint as though fully set forth herein.

61.     Plaintiff's Marks are distinctive due to Plaintiff's long use, marketing, and extensive sales, making Plaintiff's Marks famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

62.     Plaintiff's Marks became distinctive and famous prior to Defendants' acts alleged herein.

63.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous trademarks.

64.     Defendants' acts as alleged herein have tarnished and will, unless

enjoined, continue to tarnish or are likely to tarnish Plaintiff's Marks by undermining and damaging the valuable goodwill associated therewith.

65.    Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, who has no adequate remedy at law.

66.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable at'orneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT V

## UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200, et seq.

67.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.    By engaging in the acts and practices as alleged throughout this Complaint, Defendants have committed acts of unfair competition, as that term is defined and used in the Cal. Bus. & Prof. Code § 17200, et seq., which prohibits "any unlawful, unfair, or fraudulent business act or practice. . ."

69.    Under California law, a business practice is unlawful if it is forbidden by law.

70.    Under the UCL, whether a business practice is "fair" involves a balance of the impact of such conduct on its alleged victims versus the reasons, justification, and motive of the alleged wrongdoer.

71.    Plaintiff is within the class intended to be protected by California Business & Professions Code § 17200.

72.    As alleged throughout this complaint, Defendants, and each of them, have intentionally, deliberately, and willfully engaged in infringing actions upon

- 13 -

Plaintiff's Marks without express authorization and/or consent of Plaintiff. Specifically, Defendants, without the consent and/or authorization of Plaintiff, have intentionally, deliberately, and willfully used and/or otherwise exploited Plaintiff's Marks and/or confusingly similar variations thereof in commerce, in an effort to advertise, promote, market, solicit, and sell Defendants' goods and services.

73.    Additionally, as delineated herein, Defendants have intentionally, deliberately, and willfully copied and/or otherwise used Plaintiff's Marks and/or confusingly similar variations thereof in connection with their efforts to advertise, promote, market, solicit, and sell their competing goods and services.

74.    Such acts as delineated within this Complaint, taken cumulatively, against Defendants rise to the level of deceptive, unfair, unlawful, and wrongful conduct.

75.    By reason of Defendants' deceptive, unfair, unlawful, and wrongful conduct, Defendants have violated California Business & Professions Code § 17200, by consummating an unlawful, unfair, and fraudulent business practice, designed to intentionally deceive the consuming public into believing that Defendants and the services being offered in commerce by Defendants are endorsed by and/or otherwise affiliated with Plaintiff.

76.    Specifically, as a consequence of Defendants' acts and omissions, Plaintiff is entitled to a preliminary and permanent injunction against Defendants restraining them, and each of them, from misappropriation and false utilization of Plaintiff's Marks as well as any confusingly similar variations thereof from any further effort, publication, or act and omission which has the effect of leading Plaintiff's customers and the general public into believing there is any affiliation of any kind whatsoever between Plaintiff and Defendants.

77.    The actions of Defendants are willful and malicious. Therefore, Plaintiff is entitled to exemplary damages in an amount necessary and sufficient

to ensure that no further incidents, replication, or similar occurrence regarding the rights of Plaintiff occur at any time in the future and is a message that such obstinate and despicable conduct is not tolerated in a civilized society.

## COUNT VI

## COMMON LAW TRADEMARK INFRINGEMENT

78.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 77 of the Complaint as though fully set forth herein.

79.     Plaintiff has established significant goodwill and favorable public recognition in Plaintiff's Marks through extensive use of the marks throughout California and in interstate commerce in connection with Plaintiff's goods.

80.     Without Plaintiff's consent, authorization, or knowledge, Defendants have used and continue to use Plaintiff's Marks and/or a confusingly similar variation thereof in connection with the sale, offering for sale, distribution, provision, or advertising of their goods and services, thereby trading upon the goodwill associated with Plaintiff, and misleading the public into believing a connection or association exists between Defendants and Plaintiff.

81.     Defendants' acts of infringement have caused and are likely to cause consumer confusion and to mislead and deceive the consuming public as to the source of Defendants unauthorized goods or services, enable Defendants to pass off their unauthorized goods or services as Plaintiff's goods or services, and falsely suggest a connection between Defendants and Plaintiff. Defendants' actions thus violate the common law of the State of California.

82.     As a direct and proximate result of Defendants' infringing activities, Plaintiff has suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill and unjustly enrich themselves at Plaintiff's expense.

83.     Defendants' trademark infringement will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's goodwill, market share, and mark and brand control due to Defendants' infringement. Plaintiff is therefore entitled to and seeks temporary and permanent injunctive relief.

84.     Defendants' infringement was and is tortious, malicious, outrageous, oppressive, fraudulent, made in bad faith, and in conscious disregard of Plaintiff's rights. Accordingly, in addition to general and compensatory damages, Plaintiff should be awarded exemplary, punitive, and treble damages sufficient to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and requests judgment against Defendants as follows:

1.      That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Sections 43(a) and (c) of the Lanham Act (15 U.S.C. §§ 1125(a)(1), 1125(c)).

2.      That Defendants have violated California Business & Professions Code § 17200, et seq., and California common law.

3.      That Defendants actions in doing so were willful.

4.      Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.      manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture,

distribute/provide, sell, market, advertise, or promote goods and services bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

      b.    engaging in any activity that infringes Plaintiff's rights in Plaintiff's Marks;

      c.    engaging in any activity constituting unfair competition with Plaintiff;

      d.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

      e.    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

      f.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiff's Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

      g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods or services.

6.     Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Marks, and to immediately remove them from public access and view.

7.     Directing that Defendants recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, stickers, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Marks.

8.    Directing Defendants to formally abandon with prejudice any and all of their applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.    Directing Defendants to cancel with prejudice any and all of their registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11.    Awarding Plaintiff an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.    Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.    Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16.    Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  April 14, 2025                    By:  /s/ Andrew Robert Cowan

Andrew R. Cowan, Esq.
CAMUTI LAW GROUP APC
33 Brookline
Aliso Viejo, CA 92656
andrew@camutilaw.com
Telephone: 949.716.5565

*Attorneys for Plaintiff*

COMPLAINT