NATHAN B. CAMUTI (SBN 300568)
nate@camutilaw.com
ANDREW R. COWAN (SBN 356310)
andrew@camutilaw.com
CAMUTI LAW GROUP, APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: 949.716.5565

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>SUNRISE SELECTIONS LLC, a Wyoming limited liability company; AMAZ GROUP, LLC, a Delaware limited liability company; LEORIS HOLDINGS, LLC, a Florida limited liability company; BUYGOODS, INC., a Delaware corporation; and DOES 1 through 100, INCLUSIVE;<br><br>Defendants. | Case No.: 3:25-cv-0877-BJC-AHG<br><br>**DECLARATION OF EDGAR DEN UIJL IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA**<br><br>Date: To Be Determined<br>Time: To Be Determined<br>Courtroom: 2C |

I, Edgar den Uijl, declare as follows:

1. I am the Customer Service manager of Obesity Research Institute, LLC ("Plaintiff").

2. I have personal knowledge of the facts set forth herein.

3. Plaintiff has been continuously operating as a limited liability company since its formation on December 9, 2003, and Plaintiff applied to register Plaintiff's trademarks on September 29, 2005, and October 11, 2018, initiating use in interstate commerce at least as early as November 6, 2005, for Plaintiff's wordmark and January 20, 2003, for Plaintiff's logo.

4. Plaintiff is a successful business venture, and Plaintiff advertises its products in numerous places, including on the internet and directly through Plaintiff's website and affiliated distributors.

5. Plaintiff actively uses and markets its goods and services using the "LIPOZENE" wordmark and logo, which marks are registered with the United States Patent and Trademark Office.

6. Plaintiff uses its federal trademark registrations for the "LIPOZENE" marks as part of Plaintiff's web presence and marketing efforts, as well as through Plaintiff's sale of product so branded, advertising and selling throughout the United States.

7. Since initiating use of the "LIPOZENE" marks, Plaintiff has consistently provided sales and customer service related to its products.

8. Plaintiff also conducts sales online through its website at www.lipozene.com.

9. Through its website and other sales platforms on the internet, Plaintiff sells its products to both local customers and to customers outside of the State of California who wish to have dietary supplements delivered to their location.

10. Plaintiff also has a presence on Instagram @lipozene and Facebook at facebook.com/LipozeneOfficial/, where Plaintiff uses its federally

registered trademarks to advertise its products, goods, and services.

11. Plaintiff has earned an impeccable reputation in the time since its inception by offering high quality products and excellent customer service, resulting in numerous satisfied customers.

12. In or around September of 2024, Plaintiff became aware of Defendants' online sales activities by which Defendants were directly competing with Plaintiff by providing related goods, namely dietary supplements under the "LIPOZEM" mark.

13. Despite issuing numerous successful takedown requests pertaining to the Doe defendants (collectively, "Defendants")'s online sales listings to express Plaintiff's rights in Plaintiff's marks, Defendants have not ceased their infringing conduct and utilization of marks confusingly similar to Plaintiff's. Infringement on e-commerce platforms is continuing.

14. Plaintiff is the sole owner of its registered trademarks, and Defendants have no right, license, or authorization to utilize Plaintiff's registered trademarks in interstate commerce.

15. Actual confusion between Defendants' infringing marks and Plaintiff's registered trademarks has already occurred. Plaintiff has received numerous inquiries, comments, and concerns from consumers about Defendants, Defendants' products, and Defendants' associations with Plaintiff, despite there being no association between Defendants and Plaintiff. Plaintiff has also received complaints from disappointed consumers who mistook Defendants' products for Plaintiff's. Plaintiff has even had consumers of Defendants' products attempt to return those products to Plaintiff. I have personal knowledge of these instances of actual confusion.

16. Both before and after the takedowns were initiated, I witnessed Defendants' posting of infringing marks and product across numerous platforms, including Instagram, eBay, Amazon.com, and Wal-Mart, as well as the

website www.lipozem.com.

17. Defendants offer goods and services of a similar type and character to Plaintiff, specifically dietary supplements. After inspecting products representative of Defendants' goods and services, Plaintiff discovered that those products were inferior to Plaintiff's offerings.

18. Exacerbating the confusion, Defendants advertise through the same channels of commerce as Plaintiff, and Defendants' goods and services appear confusingly intermixed with Plaintiff's goods and services on search engines like Google or websites like Amazon.com, eBay.com, and Walmart.com.

19. Our investigations into the infringing sales are ongoing.

20. We have submitted over 60 takedown notices to Amazon, Walmart, and eBay.

21. Amazon, Walmart, and eBay have stopped complying with our takedown requests, and Walmart and eBay explicitly refused further action absent a court order.

22. Listings for infringing products like "Lipozem" or other similarly named offerings like "Lipo-zem," "Lipozeme," and "Lipozime" continue to arise on Amazon, Walmart, and eBay, continuing to infringe our valuable intellectual property.

23. We have also identified additional infringing websites and products, including the domain "newlipozene.com" which offers a product labeled "Leptozan" and to which many of the former links to "Lipozem" products redirect. The pricing and promotional format of this website mirrors the former "Lipozem" website as well as our own offerings.

///
///
///

- 3 -
DECLARATION OF EDGAR DEN UIJL

24. We have recently identified that the www.lipozem.com website has become active once more, necessitating further enforcement actions.

I declare under penalty of perjury under the laws of the United States and the State of California that all of the foregoing is true and correct.

Dated: October 24, 2025          By: _____
                                       Edgar den Uijl

- 4 -
DECLARATION OF EDGAR DEN UIJL