UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUNRISE SELECTIONS LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:25-cv-00877-BJC-AHG<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 38]** |

Before the Court is Plaintiff Obesity Research Institute, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 38. No opposition briefs have been filed. *See also* ECF No. 38 at 2 (Plaintiff contacted Amaz Group and counsel for Sunrise Selections regarding the instant *ex parte* application, and "Defendant Sunrise Selections' counsel has not contacted Plaintiff regarding this Application. Defendant Amaz Group has not contacted Plaintiff regarding this Application"). For the reasons discussed below, the Court **GRANTS** Plaintiff's *ex parte* application.

## I. BACKGROUND

On April 14, 2025, Plaintiff filed a Complaint against Defendants Sunrise Selections LLC, Amaz Group LLC, Leoris Holdings LLC, BuyGoods Inc., and Does 1–100 (collectively, "Defendants"). ECF No. 1. Plaintiff asserts that Defendants are infringing their trademarks for "Lipozene" and using marks confusingly similar to it and, thus, are engaging in unfair competition. *Id*. at 2. For example, "Plaintiff became aware that Defendants were selling health supplement products via online platforms using the name Lipozem, Lipo-zem, Lipozeme, and Lipo-zeme, causing consumer confusion and damage to Plaintiff's protected name." ECF No. 15 at 2.

In the instant motion, Plaintiff seeks leave to conduct early discovery prior to the mandated Rule 26(f) conference to learn the identities of a Doe defendant. ECF No. 38. Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena under Federal Rule of Civil Procedure 45 on Namecheap.com. ECF No. 38-1 at 5–6. Plaintiff alleges that Doe defendant is operating the www.lipozem.com website, and is selling goods that infringe on Plaintiff's trademarks. *Id*. at 5–9; ECF No. 38-3 at 3, 5. Plaintiff explains that Namecheap.com, who hosts the www.lipozem.com webstore, "is the only party with the information necessary to properly identify the unknown Doe Defendant operating the www.lipozem.com website by correlating the infringing retailer's website with identifying information that would allow Plaintiff to properly plead the unidentified infringing retailer into this lawsuit." ECF No. 38-1 at 5; *see id*. (Plaintiff cannot obtain further information without a subpoena because "the ownership information for the website as viewable on lookup.icann.org is redacted"). With the Rule 45 subpoena, Plaintiff hopes to "identity of the Doe Defendant operating the identified website, further investigate the Doe Defendant's role in the infringement, and effectuate service upon the Doe Defendant." *Id*. at 6. Plaintiff represents to the Court that the subpoenas will demand the true name, addresses, and contact information of the Doe defendants. *Id*. at 23. Additionally, Plaintiff represents that it "will only use this information to prosecute the claims made in its Complaint." *Id.* at 6.

## II. LEGAL STANDARD

A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). FED. R. CIV. P. 26(d)(1). However, courts make exceptions to allow limited discovery after a complaint is filed to permit the plaintiff to learn the identifying information necessary to serve the defendant. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see, e.g.*, *UMG Recordings, Inc. v. Doe*, No. C-08-3999-RMW, 2008 WL 4104207, at *2 (N.D. Cal. Aug. 29, 2008) (noting, in an infringement case, that "a plaintiff cannot have a discovery planning conference with an anonymous defendant[,]" thus, limited expedited discovery would "permit the [plaintiff] to identify John Doe and serve the defendant, permitting this case to go forward."). Consistent with this generally recognized exception to Rule 26(f), the Ninth Circuit has held that "'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

A party who requests early or expedited discovery must make a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). Good cause is established through a balancing test "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276. To determine whether "good cause" exists to permit expedited discovery to identify Doe defendants, district courts in the Ninth Circuit consider whether the plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the

defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins.*, 185 F.R.D. at 578–80. Additionally, the plaintiff should demonstrate the discovery will likely lead to identifying information that will permit service of process. *Id.* at 580. These factors are considered to ensure the expedited discovery procedure "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Id.*

### III. DISCUSSION

Plaintiff contends that there is good cause for this Court to allow expedited discovery. ECF No. 38-1 at 11–23. For the reasons stated below, the Court agrees.

#### a. Identification of Missing Party with Sufficient Specificity

To satisfy the first prong, Plaintiff must identify the defendant with enough specificity to enable the Court to determine that defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. Here, Plaintiff has identified the Doe defendants with sufficient specificity.

First, Plaintiff explains that "this website is directed and controlled by individuals." ECF No. 38-1 at 12. The Court agrees that "Plaintiff has identified the website participating in the sale of infringing goods, and Plaintiff has identified that Namecheap.com is the host of the associated storefront. Effectively, Plaintiff has traced the allegedly infringing conduct to its physical point of origin." *Id.* "Without conscious intervention by a person or an entity, infringing products are not listed, infringing products are not sold, and infringing products are not shipped from www.lipozem.com." *Id.* The Court finds that Plaintiff has sufficiently alleged that the Doe Defendants are real persons or entities. *See Instant Checkmate, LLC v. Does*, No. 18cv2132-BAS-BGS, 2018 U.S. Dist. LEXIS 208098, at *4 (S.D. Cal. Dec. 7, 2018) (granting early discovery in trademark infringement case involving a copied website, explaining that, "[a]lthough Plaintiff is unable to identify the individual at this point, the initial research on who the site is registered to and the infringing

conduct alleged (wholesale copying of the website) suggest there is a person responsible that may be identified through early discovery").

Second, Plaintiff adequately alleges that the Doe defendant would be subject to this Court's jurisdiction. Plaintiff represents that "Doe defendants operate an e-commerce storefront in the form of interactive websites that consumers utilize to make purchases of products directly from Doe defendants[,]" i.e., "consumers must select products to purchase and then input their shipping and payment information to complete the transaction." ECF No. 38-1 at 18. Plaintiff argues that this Court has personal jurisdiction because "Doe defendants allegedly received consumer information including payment and shipping data, then allegedly knowingly utilized that information to deliver products into this forum despite being on notice that a California plaintiff would suffer harm due to Doe defendants' actions due to the fame of Plaintiff's marks, which [] Plaintiff has spent millions of dollars promoting." *Id*. at 19. Plaintiff also alleges that "Doe defendants were aware that harm would occur in California because Plaintiff is located in California" since "Plaintiff's trademark is famous." *Id*. at 20. The Court finds that the prima facie elements of personal jurisdiction have been met.[1] *See Herbal Brands, Inc. v. Photoplaza*, Inc., 72 F.4th 1085, 1094 (9th Cir. 2023); *see e.g.*, *Instant Checkmate*, 2019 WL 1170486, at *2 (finding that plaintiff sufficiently pled personal jurisdiction to warrant early discovery in a trademark infringement case regarding copying of a website).

"The Court understands and appreciates the special difficulties involved in uncovering the identities of defendants in these sorts of cases." *Whaleco Inc. v. Arslan*, No. CV-23-02549-PHX-DLR, 2024 WL 342459, at *3 (D. Ariz. Jan. 30, 2024) (granting early discovery to obtain the contact information of the website owners in a trademark

---

[1] The Court notes that its "conclusion on [] personal jurisdiction for purposes of obtaining early discovery is in no way binding as to any future motion to dismiss that might be filed by Defendants should Plaintiff be successful in locating them." *Instant Checkmate LLC v. Does*, 18cv2132-BAS-BGS, 2019 WL 1170486, at *2 n.2 (S.D. Cal. Mar. 12, 2019).

infringement case regarding cybersquatting domain names). Based on all of the information above, the Court concludes Plaintiff has provided a sufficient showing that it seeks to sue a real person subject to the Court's jurisdiction. Likewise, if Plaintiff obtains the identifying information from Namecheap.com for the online storefront, the information sought in the subpoena would likely enable Plaintiff to serve Doe defendant. Therefore, the Court finds Plaintiff satisfied the "sufficient specificity" threshold.

### b. Previous Attempts to Locate Defendant

Next, Plaintiff is required to describe all steps taken to identify the Doe defendants in a good-faith effort to locate and serve them. Here, Plaintiff explains that it has "diligently attempted to correlate Doe defendants' shop information by searching for information about these sellers on various web search tools" and has investigated the www.lipozem.com website itself. ECF No. 38-1 at 22. Despite these diligent efforts, Plaintiff was unable to identify any means of obtaining the identity of the Doe defendant other than through subpoenaing the information from Namecheap.com. *Id.* at 21–22. Thus, the Court finds that Plaintiff has shown it made a good-faith effort to identify and locate the Doe defendants before resorting to filing the instant motion.

### c. Whether Plaintiff Can Withstand a Motion to Dismiss

Lastly, Plaintiff must establish it could survive a motion to dismiss. *See* FED. R. CIV. P. 12(b); *Columbia Ins.*, 185 F.R.D. at 579. To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To present a prima facie case of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, Plaintiff must show: "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)).

Here, Plaintiff's Complaint clearly alleges that trademark infringement. As the District Judge previously found, "Plaintiff has provided proof that it owns valid and protectible federal trademark registrations for the Lipozene marks" and "the facts show there is a likelihood of confusion among consumers." ECF No. 15 at 4, 6; *see also id*. at 6 ("Plaintiff has demonstrated a likelihood of success on the merits"). Accordingly, the Court concludes Plaintiff has met the third prong necessary to establish good cause for granting early discovery.

### IV.   CONCLUSION

For the reasons set forth above, and for good cause shown, the Court **GRANTS** Plaintiff's *ex parte* application for leave to serve subpoena prior to a Rule 26(f) conference (ECF No. 38). *See, e.g.*, *Pennymac Loan Servs., LLC v. Doe*, No. 2:18-cv-05993-ODW-RAO, 2018 WL 6521577, at *2 (C.D. Cal. Oct. 31, 2018) (granting early discovery in trademark infringement case and explaining that, "[w]ithout leave to conduct this early discovery, [plaintiff] is unable obtain this basic information, Doe's identity, necessary to serve Doe with the Complaint and advance the administration of justice. Doe will be notified of the subpoenas, as ordered below, and will have an opportunity to respond before Google discloses any information. Finally, all information obtained by way of this early discovery shall be used only for the purpose of protecting [plaintiff]'s rights as set forth in the Complaint, thus limiting any potential prejudice to Doe"). Accordingly, the Court **ORDERS** as follows:

1. Plaintiff shall attach a copy of this Order to any subpoena.
2. Plaintiff may serve Namecheap.com with a Rule 45 subpoena commanding it to provide Plaintiff with the names, addresses, and contact information of the Doe defendants.
3. Within fourteen (14) calendar days after service of the subpoena, Namecheap.com shall notify the sellers or subscribers that their identities are sought by Plaintiff. Namecheap.com must also provide a copy of this Order

along with the required notice to the seller whose identity is sought pursuant to this Order.

4. The seller whose identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such notice to challenge the disclosure of his or her name and contact information by filing an appropriate pleading with this Court contesting the subpoena. A seller who moves to quash or modify the subpoena may proceed anonymously as "John Doe," and shall remain anonymous until the Court orders that the identifying information may be released.

5. If Namecheap.com wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other challenge is brought, Namecheap.com must preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

6. Plaintiff may only use the information disclosed in response to the Rule 45 subpoena served on Namecheap.com for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated: November 4, 2025

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge