

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| OBESITY RESEARCH INSTITUTE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUNRISE SELECTIONS LLC, et al., <br><br> Defendants. | Case No.: 3:25-cv-00877-BJC-AHG <br><br> **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** <br><br> **[ECF No. 39]** |
|---|---|

Before the Court is Plaintiff Obesity Research Institute, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 39. No opposition briefs have been filed. *See also* ECF No. 39 at 2 (Plaintiff contacted Amaz Group and counsel for Sunrise Selections regarding the instant *ex parte* application, and "Defendant Sunrise Selections' counsel has not contacted Plaintiff regarding this Application. Defendant Amaz Group has not contacted Plaintiff regarding this Application"). For the reasons discussed below, the Court **GRANTS** Plaintiff's *ex parte* application.

## I.    BACKGROUND

On April 14, 2025, Plaintiff filed a Complaint against Defendants Sunrise Selections LLC, Amaz Group LLC, Leoris Holdings LLC, BuyGoods Inc., and Does 1–100

1    (collectively, "Defendants"). ECF No. 1. Plaintiff asserts that Defendants are infringing

2    their trademarks for "Lipozene" and using marks confusingly similar to it and, thus, are

3    engaging in unfair competition. *Id.* at 2; *see id.* at 1–2 (alleging violations of the Lanham

4    Act and California Business & Professions Code § 17200). For example, "Plaintiff became

5    aware that Defendants were selling health supplement products via online platforms using

6    the name Lipozem, Lipo-zem, Lipozeme, and Lipo-zeme, causing consumer confusion and

7    damage to Plaintiff's protected name." ECF No. 15 at 2.

8        On April 18, 2025, Plaintiff served Defendant Amaz Group LLC ("Amaz Group")

9    with the summons and complaint. ECF No. 10. Defendant did not file a responsive pleading

10   by the applicable deadline. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (a defendant must serve an

11   answer or responsive pleading within 21 days of service of the summons and complaint).

12   On August 11, 2025, pursuant to Plaintiff's request, the Clerk entered default against

13   Amaz Group. ECF Nos. 29, 30.

14       Plaintiff thereafter filed the instant motion for early discovery, seeking financial and

15   sales information from Amazon regarding Amaz Group's sale of infringing products from

16   their online storefronts. ECF No. 39. Plaintiff explains that, "[b]y serving a subpoena on

17   Amazon.com seeking this information, Plaintiff will be able to connect additional

18   storefronts and ASINs to Amaz, collect any damages awarded by the Court, and enforce

19   any injunctive relief granted by the Court against the entities responsible for the infringing

20   conduct." *Id.* at 6. Plaintiff contends that expedited discovery is necessary because it has

21   been unable to hold the Rule 26(f) conference and initiate discovery as Amaz Group has

22   failed to appear. *Id.* at 12–14. Plaintiff asserts that the only way that it can obtain discovery

23   regarding damages to support its motion for default judgment is through issuance of a

24   subpoena to Amazon. *Id.*

25   **II.    LEGAL STANDARD**

26       A party is generally not permitted to obtain discovery without a court order before

27   the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). FED. R. CIV.

28   P. 26(d)(1). A party who requests early or expedited discovery must make a showing of

1   good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.

2   Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's

3   request for expedited discovery"). Good cause is established through a balancing test

4   "where the need for expedited discovery, in consideration of the administration of justice,

5   outweighs the prejudice to the responding party." *Id.* at 276.

6          Good cause for expedited discovery is frequently found in cases in which a defendant

7   has failed to appear, resulting in the entry of default against the defendant, and the plaintiff

8   seeks discovery to establish liability or calculate damages in pursuit of default judgment.

9   *See, e.g.*, *Nintendo of Am. v. Williams*, No. 2:24-cv-960-LK, 2024 WL 5108471, at *2

10  (W.D. Wash. Dec. 13, 2024) (collecting cases); *Kraho GmbH v. Overlord Ltd.*, No. 19-cv-

11  04050-AB-KSx, 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019) (collecting cases);

12  *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2017 WL 1133520, at *1–*4

13  (N.D. Cal. Mar. 27, 2017); *Adobe Sys. Inc. v. Bunhey*, No. 5:13-cv-01365-VAPOP, 2013

14  WL 12140304, at *1–*2 (C.D. Cal. Oct. 29, 2013).

15  **III.    DISCUSSION**

16         Here, as noted above, the Clerk has entered the default of Amaz Group based upon

17  its failure to plead or otherwise defend in this action as directed in the summons and as

18  provided in the Federal Rules of Civil Procedure. A plaintiff who prevails on a trademark

19  infringement claim may in some circumstances recover damages in the form of the

20  defendant's profits. 15 U.S.C. § 1117(a); *see Nutrition Distribution LLC v. Ironx LLC*, No.

21  17-cv-839-JLS-JMA, 2017 WL 4391709, at *1–*2 (S.D. Cal. Oct. 3, 2017) (granting

22  motion for early discovery and explaining that "[t]rademark infringement plaintiffs may

23  recover (1) defendant's profits; (2) damages sustained by the plaintiff; and (3) the costs of

24  the action. [] Plaintiffs must meet a heightened level of proof of injury to recover money

25  damages.") (internal citations omitted).

26         The instant motion seeks discovery from Amazon relating to transactions involving

27  the infringing items during the relevant time period. Such information is relevant to the

28  calculation of Plaintiffs' damages in the form of Defendants' revenue. ECF No. 39-1 at 13

3:25-cv-00877-BJC-AHG

("The purpose of the subpoena to Amazon is to identify the online storefronts Amaz has used to sell infringing products so that they can be encompassed within Plaintiff's requested injunctive relief, and to prove the specific dollar amounts of Amaz's sales of infringing products through the sales records acquired from Amazon.com. This information is solely within Amaz and Amazon.com's control and Plaintiff will not be able to otherwise obtain this information short of serving discovery to Amazon.com because Amaz has defaulted"). However, since Amaz Group has refused to participate in this action, Plaintiff has effectively been precluded from engaging in a Rule 26(f) conference and cannot conduct traditional discovery. *Id.* at 14. In light of the foregoing, the Court finds that Plaintiff has established good cause to warrant expedited discovery to obtain evidence of Amaz Group's online sales of infringing items in order to support an anticipated motion for entry of default judgment and claim for damages. *See Jesse Steele, Inc. v. Henderson*, No. 17-cv-2179-RS-DMR, 2017 U.S. Dist. LEXIS 142167, at *5–*8 (N.D. Cal. Sept. 1, 2017) (granting motion for early discovery, where plaintiff, who alleged Lanham Act violations, sought to subpoena Amazon for information regarding sales of infringing goods to use in default judgment motion).

## IV.    CONCLUSION

For the reasons set forth above, and for good cause shown, the Court **GRANTS** Plaintiff's *ex parte* application for leave to serve subpoena prior to a Rule 26(f) conference (ECF No. 39). *See, e.g.*, *Nutrition Distribution LLC*, 2017 WL 4391709, at *1–*2 (granting motion for early discovery, where plaintiff, who alleged trademark infringement, sought revenue data to support its motion for default judgment, and collecting cases). Accordingly, the Court **ORDERS** as follows:

1. Plaintiff shall attach a copy of this Order to any subpoena.

2. Plaintiff may serve Amazon with a Rule 45 subpoena commanding it to provide Plaintiff with the personally identifying information of the individuals associated with the identified ASINs connected to sales made by Defendant Amaz Group, other Amazon storefronts using or providing the same

1    personally identifying information, documentation provided to Amazon by

2    these storefronts, and documents reflecting the sales, revenues, and financial

3    information related to sales of "LIPOZEM" or similarly-named products

4    made under the identified ASINs.

5    3. If Amazon wishes to move to quash the subpoena, it shall do so before the

6    return date of the subpoena. The return date of the subpoena must allow for at

7    least forty-five (45) days from service to production. If a motion to quash or

8    other challenge is brought, Amazon must preserve the information sought by

9    Plaintiff in the subpoena pending resolution of such motion or challenge.

10

11    **IT IS SO ORDERED.**

Dated:  November 4, 2025

_Allison H. Goddard_____

Honorable Allison H. Goddard
United States Magistrate Judge